**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA MILANO,<br><br>       Plaintiff,<br><br>   v.<br><br>BOARD OF EDUCATION OF FRANKLIN TOWNSHIP, SOMERSET COUNTY,<br><br>       Defendant. | CIVIL ACTION NO. 11-6803 (MLC)<br><br>**O P I N I O N** |

**THE PLAINTIFF**, Patricia Milano, brings this action against the defendant, Board of Education of Franklin Township, Somerset County ("the Board"). (Dkt. entry no. 1, Compl.) Milano seeks both legal and equitable relief for the Board's alleged violations of 42 U.S.C. § 1981 ("Section 1981") and the Petition Clause of the First Amendment of the United States Constitution ("Petition Clause"). (See id.)

**THE BOARD** now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Milano has failed to state claims upon which the Court may grant relief. (Dkt. entry no. 10, Mot.) Milano does not oppose the Motion insofar as it concerns her Section 1981 claim. (Dkt. entry no. 13, Opp'n Br. at 3.) She only opposes the Motion insofar as it concerns her Petition Clause claim. (Id. at 3-5.)

**THE COURT** resolves the Motion without oral argument pursuant to Local Civil Rule 78.1(b).

**MILANO** alleges that: (1) she was hired by the Board in October of 2001 as a preschool teacher; (2) the Board thereafter instructed Milano to resign and accept a position from the Hunterdon County Education Services Commission ("HCESC"); and (3) the Board assured her that, by taking the HCESC position, she would continue to discharge the same responsibilities at the same location, and would continue to enjoy the same salary and benefits.  (Compl. at First Count, ¶¶ 5, 7-8.)  The Board reinstated Milano as an employee in the fall of 2005.  (Id. at First Count, ¶ 13.)

**THE BOARD**, following Milano's reinstatement, refused to recognize Milano's status as a tenured employee because Milano, between 2001 and 2005, had been technically employed by HCESC. (Id. at First Count, ¶¶ 14-15.)  Milano thus filed a petition with the New Jersey Department of Education ("NJDOE"), seeking: (1) a declaration of her status as a tenured employee, and (2) reimbursement of health care costs that Milano incurred as a non-tenured employee that, as a properly-classified tenured employee, she would not have incurred, which amounted to $200 per month for three years.  (See id. at First Count, ¶¶ 16-19, 21.)

**THE NEW JERSEY OFFICE OF ADMINISTRATIVE LAW** ("NJOAL") adjudicated Milano's petition both for ripeness and on its merits.

2

(Id.; see also dkt. entry no. 13-2, Administrative Decisions & Orders.)  NJOAL ultimately found that Milano's petition was ripe for review, formally recognized Milano's status as a tenured employee, and ordered the Board to compensate Milano for her out-of-pocket health care costs.  (See Compl. at First Count, ¶¶ 20-22.)

**MILANO** now alleges that the Board has retaliated against her for filing a petition before the NJDOE and seeking relief from the NJOAL.  She asserts that the Board has retaliated by: (1) issuing negative observations and evaluations; (2) improperly withholding taxes from its payment of Milano's out-of-pocket health insurance expenses; and (3) twice withholding salary increments and adjustments.  (Id. at First Count, ¶¶ 23-25, 29, Second Count, ¶¶ 9, 13.)  This action followed.

**THE BOARD** now argues that the Court should dismiss Milano's Section 1981 claim because Milano failed to state a claim upon which the Court may grant relief.  (Dkt. entry no. 10-4, Br. at 5-6).  The Board notes that plaintiffs seeking relief under Section 1981 must allege, inter alia, that they belong to a racial minority and that the defendant discriminated against the plaintiffs on the basis of race.  (Id. at 5 (citing Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 569 (3d Cir. 2002)).)  Milano raised

no such allegations in the Complaint and thus agrees that her Section 1981 claim should be dismissed. (Opp'n Br. at 3.)

**THE BOARD** also argues that Milano improperly seeks relief in this Court by raising her retaliation claim under the Petition Clause. It argues that other, more appropriate fora are available to Milano, asserting that Milano should petition the NJDOE: (1) to recover any improper deductions from her reimbursement for out-of-pocket health care expenses, because the NJDOE originally adjudicated Milano's claim for and ordered the Board to remit such reimbursement; and (2) to appeal from the Board's withholding of salary adjustments and increments pursuant to N.J.S.A. § 18A:29-14. (Dkt. entry no. 14, Reply Br. at 5-6.) The Board also asserts that its decision to withhold Milano's salary adjustments and increments is alternatively subject to binding arbitration before the New Jersey Public Relations Employment Commission. (Id. at 5 (citing N.J.S.A. § 34:13A-27).)

**THE COURT** would like the parties to further brief and make clear their respective positions on this issue. The Court will thus, for good cause appearing, enter an appropriate Order and Judgment, granting the Motion with respect to Milano's Section 1981 claim, denying the motion without prejudice with respect to Milano's Petition Clause Claim, and ordering the parties to show cause why the Court should not stay and administratively terminate

4

or otherwise dismiss The Petition Clause claim while Milano seeks relief in the fora discussed above.[1]

s/ Mary L. Cooper<br>
**MARY L. COOPER**<br>
United States District Judge

Date:     May 23, 2012

---

[1] Milano, in her opposition brief, asks the Court for permission "to file an amended complaint to blend the facts in Count I and Count II" of the Complaint. (Opp'n Br. at 3.)  Milano failed to file notice of or a brief relating to this request, and the Court thus will not entertain her request for relief.  See L.Civ.R. 7.1(d)(1), (h).  Milano may, however, later move for such relief before the Magistrate Judge.