**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PATRICIA MILANO,                    CIVIL ACTION NO. 11-6803 (MLC)

    Plaintiff,                **MEMORANDUM OPINION**

    v.

BOARD OF EDUCATION OF FRANKLIN
TOWNSHIP, SOMERSET COUNTY,

    Defendant.

**COOPER, District Judge**

    The plaintiff, school teacher Patricia Milano, brings this action against her employer, the defendant, Board of Education of Franklin Township, Somerset County ("the Board"), under 42 U.S.C. § 1983 ("Section 1983"). (See generally Compl., Count II.) Milano alleges that the Board violated her rights under the Petition Clause of the First Amendment to the United States Constitution ("Petition Clause"). (See generally id.) Specifically, she alleges that the Board retaliated against her for filing a petition of appeal before the New Jersey Commissioner of Education ("NJCOE") from the Board's determination that she was not entitled to tenure ("the Appeal"). (See generally id.)

    The Board now moves to dismiss Count II of the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

(See dkt. entry no. 20, Mot. to Dismiss; see also dkt. entry no. 20-1, Br. in Supp.)[1]  It argues that the Appeal did not address matters of public concern, and that Milano has thus failed to state a claim upon which relief may be granted.  (See Br. in Supp. at 5-9.)  Milano opposes the Motion, arguing that issues relating to tenure are always matters of public concern.  (See generally dkt. entry no. 23, Opp'n Br.)

The Court will resolve the Motion without oral argument.  See L.Civ.R. 78.1(b).  For the reasons that follow, the Court will grant the Motion, dismiss Count II of the Complaint, and direct the Clerk of the Court to designate the action as closed.

## I.  BACKGROUND

As alleged in the Complaint, the Board hired Milano in 2001 to serve as a pre-school teacher in the "Kingston School".  (See Compl. at Count I, ¶¶ 5, 7.)  Milano worked in that capacity for "a number of months" before a Board representative informed her that "there was no longer a job for her at the Kingston School location."  (Id. at Count I, ¶ 7.)  However, the Board assured Milano that she could effectively retain her position -- and thus work in the same location, and enjoy the same salary and benefits -- by resigning from her employment with the Board and accepting a

_____

[1] The Court earlier dismissed Count I of the Complaint.  (See dkt. entry no. 16, 5-23-12 J. at 1.)  Only Count II of the Complaint remains at issue.

[2] It appears that the NJCOE reviewed the ALJ's judgment and

2

position with the Hunterdon County Educational Service Commission ("HCESC").  (See id. at Count I, ¶¶ 7-8.)

Milano alleges that she thereafter resigned from the Board's employ, accepted a position with the HCESC, and worked as an HCESC employee for four years.  (See id. at Count I, ¶ 9.)  During that period, the Board continued to oversee Milano's work, continued to fund her position, and required that she attend continuing education seminars.  (See id. at Count I, ¶¶ 9-11.)  Milano alleges in the Complaint that the HCESC was merely a conduit for her employment with the Board, as the Board "effectively controlled [her] salary, benefits, and professional growth."  (Id. at Count I, ¶ 12.)

The Board reinstated Milano as a Board employee shortly before the start of the 2005-2006 academic year.  (See id. at Count I, ¶ 13.)  Following her reinstatement, Milano inquired about her tenure status.  (See id. at Count I, ¶ 14.)  The Board informed Milano that she was not entitled to tenure because, during the period beginning in 2001 and ending in 2005, she had worked for HCESC rather than the Board.  (See id.)

Milano filed the Appeal before the NJCOE on August 14, 2006, challenging the Board's determination that she was not entitled to tenure.  (See dkt. entry no. 20-4, Appeal.)  The NJCOE referred the Appeal to the New Jersey Office of Administrative Law ("NJOAL") for

3

adjudication and, on April 8, 2008, a NJOAL Administrative Law Judge ("ALJ") entered judgment in Milano's favor.  (See generally dkt. entry no. 20-5, ALJ Decision.)[2]  The ALJ ultimately determined that Milano acquired tenure, and thus ordered the Board to reimburse Milano for certain costs that she incurred as a non-tenured employee.  (See Compl. at Count I, ¶¶ 18, 21.)

Milano alleges that the Board thereafter retaliated against her for filing the Appeal.  (See id. at Count I, ¶ 23.)  She specifically alleges that the Board wrongfully withheld two salary increments and adjustments, thereby "keeping her one step below what her salary should be each year for as long as [she] works for [the Board]."  (Id. at Count I, ¶¶ 24, 29.)  She also alleges that the Board wrongfully withheld taxes from the ALJ-ordered reimbursement of costs.  (See id. at Count I, ¶ 25.)

Milano states in the Complaint that the Appeal "directly related to an issue of public concern, the issue of lifetime tenure".  (Id. at Count II, ¶ 6.)  She notes that "[p]arents, students[,] and the citizenry of a school district in general are

---

[2]  It appears that the NJCOE reviewed the ALJ's judgment and remanded the matter to the NJOAL for a determination as to whether the matter was ripe for adjudication.  (See Compl. at Count I, ¶ 19.)  It also appears that the ALJ thereafter determined that the matter was ripe for adjudication.  (See id. at Count I, ¶ 21.)  These proceedings do not, however, affect the resolution of the Motion.

all concerned about the community's schools and the quality of teachers."  (Id. at Count II, ¶ 8.)

## II.  STANDARD OF REVIEW

When reviewing the Motion, the Court must (1) accept all of the well-pleaded factual allegations in the Complaint as true, and (2) construe the Complaint in the light most favorable to the plaintiff.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Mann v. Brenner, 375 Fed.Appx. 232, 235 (3d Cir. 2010). The Court may also consider "exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  Turner v. Leggett, 421 Fed.Appx. 129, 131 (3d Cir. 2011) (quotation marks and citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  Although the Court must accept as true all of the factual allegations in the Complaint, the Court need not accept legal conclusions.  Accordingly, a pleading that offers labels and conclusions, or a formulaic

recitation of the elements of a cause of action, will not suffice. See id.

"[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).

## III. DISCUSSION

The Petition Clause, made applicable to the states by the Fourteenth Amendment, prohibits the government from "abridging . . . the right of the people to . . . petition the Government for a redress of grievances." U.S. Const. amend. I. It "protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." Bor. of Duryea, Pa. v. Guarnieri, 131 S.Ct. 2488, 2494 (2011). If the government unlawfully deprives an American citizen of rights under the Petition Clause, that citizen may bring a cause of action against the government pursuant to Section 1983. See 42 U.S.C. § 1983; see also, e.g., D & D Assocs., Inc. v. Bd. of Educ., No. 03-1026, 2012 WL 1079583, at *19 (D.N.J. Mar. 30, 2012).

Milano claims the Board deprived her of rights under the Petition Clause by retaliating against her for filing the Appeal before the NJCOE. To prevail on her claim, Milano must prove, inter alia, that the Appeal relates to a matter of public concern.

6

See Guarnieri, 131 S.Ct. at 2493, 2497, 2500-01; see also Warwas v. City of Plainfield, No. 11-1736, 2012 WL 3024423, at *3 (3d Cir. July 25, 2012).  If the Appeal does not relate to a matter of public concern, then the Court is not the appropriate forum in which to review the Board's allegedly retaliatory personnel decisions.  See Connick v. Meyers, 461 U.S. 138, 147 (1983).  "The right of a public employee under the Petition Clause is a right to participate as a citizen, though petition activity, in the democratic process.  It is not a right to transform everyday employment disputes into matters for constitutional litigation in the federal courts."  Guarnieri, 131 S.Ct. at 2501.

Whether the Appeal relates to a matter of public concern is a question of law that must be answered based on its content, form, and context.  See id.  To find that the Appeal relates to a matter of public concern, the Court must find that it addresses matters relating to political, social, or other community concerns.  See D & D Assocs., 2012 WL 1079583, at *20.  If it does not -- and if it appears that Milano has petitioned not "as a citizen upon matters of public concern", but "as an employee upon matters of only personal interest" -- the Court must find that the Appeal relates solely to matters of private concern, which do not warrant protection under the Petition Clause.  United States v. Treasury Emps., 513 U.S. 454, 466 (1995) (citation omitted).  Generally,

employee grievances that neither seek to communicate to the public nor advance a political or social point of view beyond the employment context will be deemed matters of private concern.  See Guarnieri, 131 S.Ct. at 2501.

The distinction between matters of public concern and private concern "reflects the common-sense realization that government offices could not function if every employment decision became a constitutional matter."  Connick, 461 U.S. at 143; see Bradford v. Huckabee, 394 F.3d 1012, 1016 (8th Cir. 2005); Luck v. Mazzone, 52 F.3d 475, 476 (2d Cir. 1995); Ballard v. Blount, 581 F.Supp. 160 (N.D. Ga. 1983), aff'd, 734 F.2d 1480 (11th Cir. 1984).  Without this distinction, every such employment decision would inequitably "plant the seed of a constitutional case".  Connick, 461 U.S. at 149; see Ballard, 581 F.Supp. at 163.

At least one other district court has concluded that speech relating to an individual's tenure does not relate to matters of public concern.  See generally Ballard, 581 F.Supp. at 163-65.[3]  As recounted by that court, William Lewis Ballard was a tenured

---

[3] We recognize that the Ballard action concerned the Speech Clause of the First Amendment to the United States Constitution ("Speech Clause"), whereas this action concerns the Petition Clause.  As applied here, however, this is a distinction without difference.  See Guarnieri, 131 S.Ct. at 2495, 2497-98 (concluding that retaliation claims by public employees, whether brought under the Speech Clause or the Petition Clause, are subject to the same tests and standards).  Indeed, "[b]eyond the political sphere, both speech and petition advance personal expression".  Id. at 2495.

professor at George State University ("GSU"), a public institution
of higher learning.  See id. at 161.  He commenced an action
against his immediate supervisor, claiming that GSU retaliated
against him for, inter alia, writing a letter objecting to GSU
denying tenure to another faculty member.  See id. at 162.

Ballard argued that his speech related to matters of public
concern because the subject matter of such speech, which included
the denial of tenure to the other faculty member, could have an
eventual and derivative effect on GSU's students.  The district
court rejected his argument and instead found that the speech at
issue was "an issue personal to the individual" that bore "no
relationship to matters of public concern".  Id. at 163-64.  The
court explained:

> Taken to its logical conclusion, the plaintiff's
> argument means that any time a person's speech will have
> an effect on the public, regardless of how small or
> unlikely that effect may be, that speech relates to a
> matter of public concern. . . .  [A]bsent unusual
> circumstances[,] an administrative decision to grant or
> deny tenure to an individual is not a matter of public
> concern, and an individual challenging this
> administrative decision is without First Amendment
> protection.

Id. at 164-65.

The Court has carefully reviewed the Appeal, and considered
its content, its form, and the context in which it was filed.  In
the Appeal, Milano provides factual allegations concerning her

employment with the Board, her employment with the HCESC, and the Board's determination that she was not entitled to tenure.  (See Appeal at ¶¶ 3-13.)[4]  It appears that Milano filed the Appeal before the NJCOE to challenge the Board's determination.  It does not appear that Milano either intended to communicate with the public about the dispute, or to advance a political or social point of view beyond the context of her employment status.

Milano argues that the Appeal nonetheless relates to an issue of public concern because issues relating to the acquisition of tenure "have for years been matters of public concern[,] both politically and societally."  (Opp'n Br. at 9.)  She further states:

> The issue before the [NJCOE] can be described as "Does Milano have tenure?/who is my child's teacher?"
> Plaintiff asserts that WHO TEACHES MY CHILDREN is one of penultimate [sic] public issues of concern in many states and local governments, including New Jersey. Politically, the issue of tenure has been debated in State Houses, Governor's offices and on the streets for a number of years. . . .  The issue has led to the federal government becoming more involved in the issue of teacher competence and qualification and more federal regulations.
> Milano, although her successful petition compelled her employer to recognize her statutory grant of tenure, impacted directly on this public debate.

---

[4] We note that the factual allegations found in the Appeal are substantially similar to those found in the Complaint.  (Compare Appeal at ¶¶ 3-12, with Compl. at Count I, ¶¶ 5-14.)

(Id. at 9-10.)  It appears from this passage that Milano argues
that any petition concerning an individual's eligibility for tenure
relates to a matter of public concern.  (See id.)

     The Court concludes that this argument lacks merit.  We find
the Ballard court's reasoning and conclusions of law persuasive,
and note that such conclusions apply with even greater force in
this action.  Ballard, an already-tenured faculty member, spoke
about his employer's decision to deny tenure to a different
professor.  Presumably, as a tenured faculty member, Ballard had
little or no personal stake in that decision.  The Ballard court
nevertheless found that "an administrative decision to grant or
deny tenure to an individual is not a matter of public concern".
581 F.Supp. at 164-65 (emphasis added).

     Milano, unlike Ballard, spoke to protect inherently personal
interests.  The Appeal, which disputes the Board's determination
that Milano was not entitled to tenure, does not discuss or
otherwise relate to other Board employees' rights.  When Milano
filed the Appeal before the NJCOE, she thus acted as a government
employee who petitioned upon a matter of purely personal interest.
See Treasury Emps., 513 U.S. at 466; Guarnieri, 131 S.Ct. at 2501
(noting that a petition filed pursuant to established grievance
procedures "in many cases will not seek to communicate to the
public or to advance a political or social point of view beyond the

employment context"); cf. Ballard, 581 F.Supp. at 164-65.  The
Court thus concludes that the Appeal does not relate to a matter of
public concern.

The Court notes that Milano also appears to argue that the
Appeal related to matters of public concern because a determination
of her entitlement to tenure could have affected the students and
community served by the Board.  (See Opp'n Br. at 9-10.)  We find
this argument unpersuasive.  The mere fact that resolution of a
petition may have an eventual or derivative effect on public
interests will not convert a matter of solely private concern, such
as an employment grievance, into a matter of public concern
deserving of Petition Clause protections.  Indeed, a contrary
holding would plant the seeds of a constitutional case into matters
otherwise beyond the Court's purview.  See Connick, 461 U.S. at
149; Ballard, 581 F.Supp. at 163.

## IV.  CONCLUSION

The Court will issue an Order and Judgment granting the Motion and dismissing Count II of the Complaint.  Because it appears that amendment would be futile, the Court will dismiss Count II of the Complaint with prejudice.


                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge


Date:     November 13, 2012